IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01361-BNB

JUSTIN THOMAS FLEURY,

    Plaintiff,

v.

V. CARPENTER,
LISA SCANGA,
LILY OEFFLER,
TED MINK,
MR. COLLINS, and
MIKE FISCH,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Justin Thomas Fleury, is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 3, 2010. Mr. Fleury filed a Complaint on June 11, 2010 asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He amended his Complaint by filing it on the court-approved form on July 1, 2010. Mr. Fleury has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

The Court will construe the amended complaint liberally because Mr. Fleury is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. For the reasons discusses below, Mr. Fleury will be directed to file a second amended complaint.

Defendant state court judges Carpenter and Oeffler are absolutely immune from a civil rights suit for money damages for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Fleury does not allege any facts to show that Defendants Oeffler or Carpenter acted outside their judicial capacity.

Defendant Jefferson County Deputy District Attorney Lisa Scanga also enjoys absolute immunity from suit for damages under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Fleury's First Amendment claim against Defendant Scanga appears to arise out of her conduct in filing a motion with the court, an act that is "'intimately associated with the judicial process.'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).

The amended complaint suffers from other deficiencies as well. Mr. Fleury claims that jail officials have violated his Eighth Amendment rights by housing him in administrative segregation since April 2010, as a means to enforce a November 2009 court order restricting his ability to communicate by telephone or mail. Plaintiff

mentions Defendants Mink, Collins, and Fisch in discussing this claim, but does not allege facts to demonstrate each defendant's personal participation in a constitutional violation. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Fleury must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Fleury is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right [Mr. Fleury] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Fleury file **within thirty days from the date of this Order** a second amended complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Fleury, together with a copy of this Order, two copies of the Prisoner Complaint form for use in

submitting the second amended complaint. It is

FURTHER ORDERED that if Mr. Fleury fails to comply with this Order within the time allowed some of the Defendants may be dismissed from this action without further notice for the reasons discussed in this Order.

DATED September 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01361-BNB

Justin Thomas Fleury
Prisoner No. 141282
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/22/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk