IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01361-BNB

JUSTIN THOMAS FLEURY,

Plaintiff,

v.

V. CARPENTER,
LILY OEFFLER,
LISA SCANGA, and
MR. COLLINS,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 4 2010

GREGORY C. LANGHAM
CLERK

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

Plaintiff, Justin Thomas Fleury, is a prisoner in the custody of the Colorado

Department of Corrections. He is incarcerated at the Crowley County Correctional

Facility. Mr. Fleury filed a second amended complaint pursuant to 42 U.S.C. § 1983

and 28 U.S.C. § 1343 on November 2, 2010. The Court must construe the second

amended complaint liberally because Mr. Fleury is not represented by an attorney. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). If the second amended complaint reasonably can be read "to state a

valid claim on which the plaintiff could prevail, [the Court] should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for *pro se*

litigants.  *See id.*

Mr. Fleury has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte*

an action at any time if the action is frivolous.  A legally frivolous claim is one in which

the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts

facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324

(1989).

Mr. Fleury's claims arose during the pendency of his criminal proceeding in the

courts of Jefferson County, Colorado while he was an inmate in the Jefferson County

detention center.  Plaintiff alleges that during his arraignment hearing in November

2009, Defendant Carpenter, a county court judge, granted a motion filed by Defendant

Scanga, a Jefferson County deputy district attorney, prohibiting Plaintiff from

communicating with any person by telephone or mail, other than his attorney (the "no

contact order").  After Plaintiff's case was bound over to the district court for trial,

Defendant Oeffler, a district judge, affirmed the county court's no contact order.

Plaintiff asserts that the no contact order violated a state statute and his First

Amendment free speech rights.  Mr. Fleury further alleges that Defendant Collins, a

custody level supervisor at the Jefferson County detention center, assigned him to

administrative segregation in April 2010 as a means of enforcing the no contact order

and further directed that Plaintiff's telephone calls with his criminal attorney be

2

monitored.  Plaintiff claims that his placement in administrative segregation without

"legal justification" violated the Eighth Amendment and his due process rights, and that

the monitoring of his attorney-client privileged communications violated his due process

rights.  Mr. Fleury seeks damages and requests that "disciplinary action" be taken

against the Defendants.

Defendants Carpenter and Oeffler are absolutely immune from liability in a civil

rights suit for actions taken in their judicial capacity, unless they acted in the clear

absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67

(10th Cir. 1994); *see also* Section 309(c) of the Federal Courts Improvement Act of

1996, Pub.L. No. 104-317, 110 Stat. 3847 (1996) (barring injunctive relief in any § 1983

action "against a judicial officer for an act or omission taken in such officer's judicial

capacity. . . unless a declaratory decree was violated or declaratory relief was

unavailable.").  Issuing an order is a judicial action that is afforded immunity, regardless

of whether the order is allegedly unlawful under state statute or the United States

Constitution.  *See Stump*, 435 U.S. at 356-357 and n.7.  A claim against a defendant

who clearly is immune from suit is legally frivolous.  *Neitzke*, 490 U.S. at 327.

Therefore, Defendants Carpenter and Oeffler are inappropriate parties to this action

based on absolute judicial immunity.

Defendant Jefferson County Deputy District Attorney Lisa Scanga also enjoys

absolute immunity from suit for damages under 42 U.S.C. § 1983.  *See Imbler v.*

*Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Fleury concedes that filing a motion

pursuant to COLO. REV. STAT. § 16-3-402 (2008) (regulating an accused's right to

communicate with others in certain circumstances) is a prosecutorial function.  Plaintiff

argues, however, that Defendant Scanga's alleged conduct in ensuring that the

Jefferson County detention center staff enforced the no contact order was outside her

prosecutorial role.  A prosecutor's efforts to enforce a court order that is integral to the

criminal prosecution is itself an act that is "'intimately associated with the judicial

process.'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424

U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).  Ms.

Scanga was acting in her "role as advocate for the State," *Burns v. Reed*, 500 U.S.

478, 491 (1991), and, therefore, she enjoys immunity from suit under § 1983.  *See*

*Imbler*, 424 U.S. at 420-24.  Accordingly, Defendant Lisa Scanga is an inappropriate

party to this action based on absolute prosecutorial immunity and Mr. Fleury's claim for

monetary relief against her is legally frivolous.  *Neitzke*, 490 U.S. at 327.

Mr. Fleury also requests that Defendant Scanga "be disciplined" for her conduct

in seeking and enforcing the no contact order.  If the Court were to construe this

request as one for injunctive relief, absolute immunity does not apply. *See Supreme*

*Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719

(1980).  However, any request for injunctive relief relating to enforcement of the no

contact order is moot.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997)

(claim is moot when entry of injunctive relief in plaintiff's favor would have no effect on

4

the defendant's behavior).  Mr. Fleury has represented to the Court that he was

sentenced to the Department of Corrections and transferred out of the Jefferson County

detention center in July 2010.  *See* Doc. No. 7.  Furthermore, this Court does not have

authority to "discipline" attorneys based on their conduct in the state courts. **See**

**generally** D.C.COLO.LCivR 83.5.

Mr. Fleury's claim against Defendant Collins is not appropriate for summary

dismissal and will be drawn to a district judge and a magistrate judge.  Accordingly, it is

ORDERED that V. Carpenter, Lily Oeffler and Lisa Scanga are dismissed as

parties to this action because the claims against those defendants are legally frivolous.

It is

FURTHER ORDERED that the Clerk of the Court remove the names of V.

Carpenter, Lily Oeffler and Lisa Scanga as parties to this action.  The only remaining

Defendant is Mr. Collins.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a

magistrate judge.

DATED at Denver, Colorado, this  24th  day of  November , 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-01361-BNB

Justin Thomas Fleury
Prisoner No.  141282
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

       I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/24/10

GREGORY C. LANGHAM, CLERK

By: _____
                   Deputy Clerk