IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01361-LTB-KLM

JUSTIN THOMAS FLEURY,

    Plaintiff,

v.

MR. COLLINS,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Dismiss** [Docket No. 36; Filed January 11, 2011] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 47] in opposition to the Motion on March 10, 2011. Defendant filed a Reply [Docket No. 53] on April 11, 2011. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

### I. Summary of the Case

    Plaintiff is a Colorado Department of Corrections ("CDOC") inmate at the Crowley County Correctional Facility. Defendant is the "classification counselor" at the Jefferson County Detention Facility ("JCDF"). *Motion* [#36] at 2; *see also id.* at 1 n.1 ("Mr. Collins is

-1-

a civilian employee of the Jefferson County Sheriff's Office."); *Complaint* [Docket No. 22] at 3 (stating that Defendant is a "Custody Level Supervisor"). On November 2, 2010, Plaintiff filed an Amended Complaint (the "Complaint") [#22] in which he claims that Defendant violated the rights guaranteed to him by the Fifth and Eighth Amendments to the United States Constitution by placing him in "administrative segregation" while he was detained at JCDF pending trial in Jefferson County District Court. *See Complaint* [#22] at 7. Plaintiff seeks $100,000 in damages and an order directing that unspecified "disciplinary action be administered to Defendant." *Id.* at 9. In support of his claim, Plaintiff alleges the following factual background.

On April 22, 2010, while Plaintiff was detained at JCDF pending trial, Jefferson County District Court Judge Oeffler issued a Minute Order directing that "[Plaintiff] is not to have any mail use or phone use with anyone except his defense counsel while in custody." *Id.* at 12 (copy of Judge Oeffler's Minute Order dated April 22, 2010); *see also id.* at 10. To implement Judge Oeffler's Order, Defendant "instructed Plaintiff to pack his property and move to administrative segregation" within JCDF. *Id.* at 7; *id.* at 10 ("After the order was given, [Plaintiff] returned to [JCDF] and proceeded to his cell in general population. In approximately 20 minutes after [Plaintiff]'s return, the custody ratings supervisor, [Defendant], called [Plaintiff] out of the pod and told him to pack his property and move to administrative segregation."). Plaintiff asked Defendant to provide "the policy and procedure for the basis of [the] move [to administrative segregation]." *Id.* at 10. Defendant denied this request and instructed Plaintiff "to send a 'kite' to the [JCDF] manager, Mike Fisch, to request an appeal form to appeal the placement." *Id.* Plaintiff remained in administrative segregation at JCDF for four months. *See id.* at 10.

Plaintiff alleges that his placement in administrative segregation amounted to cruel and unusual punishment violative of the Eighth Amendment because it caused him "serious emotional distress." *Id.* at 7; *see also id.* at 11 ("[Plaintiff] suffered from emotional distress [and] psychological distress . . . . [He] was denied all social interaction from the outside and then physically isolated, severely reducing what limited social interaction was left without just cause or legal basis."); *id.* at 9 (stating that Plaintiff suffered "severe emotional distress [from] not being able to contact [his] family"). Plaintiff also alleges that Defendant violated his Fifth Amendment right to receive due process by "instructing that [his] phone use with his attorney be monitored" while he was in administrative segregation. *Id.* at 7; *see also id.* at 11 ("When [Plaintiff] sent a kite to his assigned counselor, 'Andi,' she would bring a cellular phone for [Plaintiff] to use. As [Plaintiff] used the cell phone, the counselor would monitor and supervise the call."). Plaintiff further alleges that the monitoring and supervision of his telephone calls to his attorney "compromised" his defense at his trial in Jefferson County District Court. *Id.* at 11.

Defendant contends that Plaintiff's Complaint should be dismissed pursuant to Fed R. Civ. P. 12(b)(1) and (b)(6) for the following reasons: (1) the Eighth Amendment claim is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege any physical injury; (2) Plaintiff has failed to state a violation of the Sixth Amendment or the Fourteenth Amendment Due Process Clause because he has failed to allege "any actual injury stemming from the monitoring of his phone calls with his attorney"; (3) Plaintiff's claims are barred by the doctrine of absolute quasi-judicial immunity; and (4) Defendant is entitled to qualified immunity from any claims that are based solely on his decision to place Plaintiff in administrative segregation. *Motion* [#36] at 2.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. V. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary

judgment pursuant to Rule 56. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Complaint [#22] and Response [#47], the Court is

mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A.     Eighth Amendment Claim

Defendant contends that Plaintiff's Eighth Amendment claim is barred by the PLRA because Plaintiff has failed to allege that he suffered any physical injury. *Motion* [#36] at 3. The Court agrees. 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this case, "Plaintiff is only seeking emotional distress damages and has failed to allege any corresponding physical injury in his Complaint." *Motion* [#36] at 3. Accordingly, Plaintiff's claim that Defendant's decision to place him in administrative segregation violated the Eight Amendment because it caused emotional distress fails as a matter of law and must be dismissed. *See Serales v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (stating that the "underlying [alleged] substantive violation . . . should not be divorced from the resulting injury, such as 'mental or emotional injury,'" and finding that § 1997e "limits the remedies available regardless of the rights asserted, if the only injuries are mental or emotional");

*Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 n.6 (10th Cir. 1999) ("[A] claim for compensatory damages [for a violation of the Eighth Amendment] would clearly be barred in the absence of any showing of physical injury[.]").

Moreover, the mere fact that Defendant placed Plaintiff in administrative segregation "fails to implicate the Eighth Amendment." *Motion* [#36] at 6. "[P]lacing an inmate in segregation as a preventative measure does not necessarily violate the Eighth Amendment." *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987). A jailer "can impose restrictive conditions of confinement upon [a prisoner] without violating the Eighth Amendment, as long as those conditions do not involve the wanton and unnecessary infliction of pain or are not grossly disproportionate to the severity of the crime warranting imprisonment." *Id.* (internal quotations omitted). "The denial of privileges which normally accompanies confinement in administrative segregation does not amount to a denial of life's necessities or present a sufficiently serious potential for harm" such that it amounts to a violation of the Eighth Amendment. *Speed v. Stotts*, 941 F. Supp. 1051, 1056 (D. Kan. 1996). Here, Plaintiff alleges that his placement in administrative segregation harmed him by denying him social interaction and access to a telephone to contact his family. This "is not the type of harm proscribed by the Eighth Amendment." *Motion* [#36] at 7; *Clemmons v. Bohannon*, 956 F.2d 1523, 1526 (10th Cir. 1992) ("the core areas of any [viable] Eighth Amendment claim are shelter, sanitation, food, personal safety, medical care, and adequate clothing" (citation omitted)).

The Court concludes that Plaintiff has not stated an Eighth Amendment claim upon which relief can be granted. Accordingly, the Court recommends that Plaintiff's claim

should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[1]

### B. Sixth Amendment and Due Process Claim

Plaintiff alleges that Defendant violated his Fifth Amendment right to receive due process by "instructing that [his] phone use with his attorney be monitored" while he was in administrative segregation. *Complaint* [#22] at 7 & 11. He further alleges that the monitoring and supervision of his telephone calls to his attorney "compromised" his defense.[2] *Id.* Defendant contends that Plaintiff's claim must be dismissed because Plaintiff

---

[1] The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. Sept. 9, 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice). However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))). Even as courts are careful to protect the rights of *pro se* plaintiffs, they typically find that granting the opportunity to amend would be futile. *See, e.g., Arocho v. Nafziger*, 367 F. App'x at 955 (describing a set of circumstances under which giving a plaintiff an opportunity to amend his complaint would not be futile as "unique"); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise *substantial* issues" (emphasis added)); *but see Gee v. Pacheco*, __ F.3d __, 2010 WL 4909644, at *5 (10th Cir. Oct. 26, 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." (citations omitted)).

[2] Because the Fifth Amendment only guarantees rights against the federal government and Defendant is a municipal government employee, the Court interprets Plaintiff's claim as alleging a violation of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. *See Baird v. Corr. Corp. of America*, No. 10-cv-00537-ZLW-CBS, 2011 WL 742466, at *1 ("[T]he Fifth Amendment due process clause protects only against due process violations caused by federal actors[.]"); *Motion* [#36] at 8 n.1 ("Plaintiff erroneously claims a Fifth Amendment violation rather than a Sixth Amendment violation with respect to the [alleged interference with] his right to counsel."); *Castro v. United States*, 540 U.S. 375, 381 (2003) (stating that a court should interpret

has not "pled facts to demonstrate how his defense was prejudiced by the alleged monitoring" of his telephone conversations with his counsel. *Motion* [#36] at 9. The Court agrees.

"[A]n inmate alleging a constitutional violation must demonstrate that he suffered actual injury." *Kennedy v. Lake*, 207 F. App'x 900, 902 (10th Cir. 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). The failure to plead an actual injury warrants dismissal of a constitutional claim with prejudice. *Id.* (affirming a district court's dismissal of a Sixth Amendment claim pursuant to Fed. R. Civ. P. 12(b)(6) because "[Plaintiff] has failed to plead an actual injury").

In this case, Plaintiff has provided absolutely no explanation of how the alleged supervision and monitoring of his telephone calls to counsel "compromised [his] defense." *Complaint* [#22] at 4. Monitoring or supervision of an inmate's telephone calls with defense counsel does not necessarily violate the Sixth Amendment or the Due Process Clause of the Fourteenth Amendment. *Mann v. Reynolds*, 46 F.3d 1055, 1060 (10th Cir. 1995) ("[T]he Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel."). "[A] prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution." *Robinson v. Gunja*, 92 F. App'x 624, 627 (10th Cir. 2004) (internal quotation omitted). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.* at 627-28 (internal quotation omitted). Thus, "the mere fact that [jail staff] monitored . . . Plaintiff's

---

a plaintiff's complaint to attempt "to create a better correspondence between the substance of [his] claims] and the underlying legal basis").

conversations with his attorney does not, in itself, establish a Sixth Amendment violation." *Horacek v. Seaman*, 2009 WL 2928546, at *10 (E.D. Mich. Sept. 10, 2009) (unreported decision). Accordingly, Plaintiff cannot state a constitutional violation unless he alleges "facts which establish that any of the jail policies or conduct of the defendant resulted in any specific harm relating to his right to communicate with his attorney." *Carr v. Tousley*, 2009 WL 1514661, at *33 (D. Idaho May 27, 2009) (unreported decision) (citing *United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991)); *accord Horacek*, 2009 WL 2928546, at *10 ("[T]o establish a Sixth Amendment violation by defendants' alleged monitoring of his telephone calls to his attorney, plaintiff must show that monitoring prejudiced his defense of the criminal charges against him."). "Since Plaintiff has not alleged *how* he was prejudiced as a result of the alleged monitoring of telephone calls . . . [he] has not stated a constitutional violation." *Carr*, 2009 WL 1514661, at *33 (emphasis added); *see Iqbal*, 129 S. Ct. at 1949 (2009) (stating that a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement.").

The Court concludes that Plaintiff's claim that Defendant violated his constitutional rights by "instructing that [his] phone use with his attorney be monitored" should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[3]

---

[3] The Court finds that dismissal with prejudice is appropriate because an attempt to amend the claim would be futile. *See supra* n.1. In order to properly plead his claim, Plaintiff would need to specifically plead facts concerning how the alleged monitoring and supervision of his telephone calls with his attorney prejudiced his defense. If Plaintiff is in fact able to plead such facts, the appropriate manner of seeking relief is an application for a writ of habeas corpus and not an amended 42 U.S.C. § 1983 complaint. *See Horacek*, 2009 WL 2928546, at *10 ("The problem for plaintiff, however, is that, if made, this showing of prejudice would show that he was denied the effective assistance of counsel in his criminal trial, and thus call into question the validity of his . . . conviction. Where a state prisoner challenges the validity of his or her conviction, a federal court must be on guard against upsetting the delicate balance between state and federal power by usurping the role of the state appellate courts. The Court should also be wary of § 1983 being used

### IV. Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' Motion to Dismiss [#36] be **GRANTED** and Plaintiff's Complaint [#22] be **DISMISSED with prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: April 14, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

to make an end run around habeas corpus procedures." (internal citations and quotations omitted)).